IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 09-0084-PHX-FJM |
| Plaintiff/Respondent, | CV 09-1484-PHX-FJM (ECV) |
| vs. | **REPORT AND RECOMMENDATION** |
| Guadalupe Burgos-Ramos, | |
| Defendant/Movant. | |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* second amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 8).[1]

**BACKGROUND**

On July 9, 2009, pursuant to a guilty plea, Movant was convicted of re-entry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). (Doc. 32 of CR 09-0084-PHX-FJM). He was sentenced to 37 months in prison and three years of supervised release. (Id.)

---

[1] Unless otherwise indicated, the cited docket numbers are from the civil case that was opened upon the filing of the motion to vacate.

On July 17, 2009, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. 1). The motion was denied with leave to amend because Movant failed to file his motion on the court-approved form. (Doc. 4). Movant's amended Motion to Vacate, filed on September 22, 2009, was also denied with leave to amend, because Movant failed to allege a violation of federal law or the Constitution. (Doc. 6, 7).

Movant filed a second amended Motion to Vacate, along with a Memorandum of Law, on November 23, 2009. (Doc. 8, 9). He alleges one ground for relief in the motion: that his lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment when he failed to file a direct appeal. (Doc. 8). Movant further requests that the court grant an evidentiary hearing. The United States filed a Response to Motion to Vacate on April 22, 2010. (Doc. 16). Movant has not filed a reply. Additionally, on July 8, 2010, the court ordered Movant's court-appointed attorney, Adrian Fontes, to file an affidavit in response to Movant's factual allegations against him. (Doc. 17). Mr. Fontes filed the affidavit on July 26, 2010. (Doc. 19).

**DISCUSSION**

The two-prong test for ineffective assistance of counsel was established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. <u>Strickland</u>, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> at 689.

Movant's sparse claim of ineffective assistance of counsel simply alleges that his lawyer failed to file a direct appeal. Movant does not allege that he asked his lawyer to file

an appeal or that they had any discussions about an appeal. Movant's counsel states in the affidavit he filed that he has no recollection of Movant instructing him to file a notice of appeal on his behalf. (Doc. 19 at 4). He further states that his practice is to discuss an appeal following the sentencing hearing and put a note in the file when the defendant requests an appeal. (Id.). Counsel's practice is to then file a timely notice of appeal to preserve the right. (Id.). Counsel states that there are no notes in his file indicating that Movant requested an appeal in this case. (Id.). He states that if such a request had been made, he would have written notes in his file and subsequently filed a notice of appeal. (Id.).

The court finds that Movant's minimal allegations are insufficient to show that his lawyer's performance was deficient, especially in light of his lawyer's affidavit setting forth his customary practice regarding notices of appeal. Movant fails to allege that he ever requested an appeal and his counsel's notes suggest he did not. Without more from Movant to establish that his lawyer's failure to file an appeal was deficient performance, the court finds that he has not established that element of an ineffective assistance claim.

Moreover, even if Movant could demonstrate deficient performance, he has presented nothing to satisfy the prejudice prong of the Strickland test. He fails to allege any grounds that should have been raised on appeal or any argument that such grounds would have been successful. He makes no mention at all in his claim that the result of the proceedings would have been different if an appeal had been filed.

For the foregoing reasons, the court finds that Movant has not demonstrated, or even adequately alleged, that he received ineffective assistance of counsel in violation of the Sixth Amendment. Accordingly, the court will recommend that the second amended Motion to Vacate be denied.

**IT IS THEREFORE RECOMMENDED:**

That Movant's second amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 8) be **denied**.

1  **IT IS FURTHER RECOMMENDED**:

2  That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 9th day of August, 2010.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge